[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
{¶ 2} Raising a single assignment of error in this appeal, brought pursuant to R.C. 2945.67 and Crim.R. 12(K), the state challenges the order of the Hamilton County Municipal Court excluding, as hearsay, a statement made by defendant-appellee Ernest Yee, Jr.'s father to the police officer investigating a radio call about individuals fighting in front of the Yee house.
{¶ 3} When the officer arrived on the scene, the father pointed to Yee and told the officer that Yee had hit his wife. The officer attempted to take Yee into custody. Yee struggled with the officer before being subdued. Yee was ultimately charged with domestic violence and with obstructing official business, in violation of R.C. 2921.31. To sustain a conviction for obstructing official business, the state had to prove, beyond a reasonable doubt, that the arresting officer was performing a lawful duty when Yee obstructed him. The domestic-violence prosecution was dismissed when Yee's father and his wife asserted their privileges against self-incrimination at the trial and refused to testify against Yee.
{¶ 4} Immediately after the trial court dismissed the domestic-violence charge, the state proceeded with the obstructing-official-business trial. The state called the arresting officer, who testified that Yee's father, an out-of-court-declarant, had identified Yee as having struck his wife. Yee objected on the grounds that the statement was being offered for its truth and was inadmissible hearsay. The state responded that the statement was being offered to demonstrate its effect upon the listener — to show why the officer was attempting to arrest Yee in the performance of his lawful duties. See R.C. 2935.03(B)(3). The out-of-court statement, in the state's view, was thus not hearsay. See Evid.R. 801(C). The trial court agreed with Yee and excluded the testimony.
{¶ 5} The state, its proof rendered so weak in its entirety that any reasonable possibility of effective prosecution had been destroyed by the ruling, requested a stay of the proceedings, made the proper certifications, and brought this interlocutory appeal. See Crim.R. 12(K); see, also, State v. Malinovsky (1991), 60 Ohio St.3d 20,573 N.E.2d 22, paragraph one of the syllabus.
{¶ 6} The determination of whether a statement is hearsay is generally a question of law for the reviewing court to resolve. See Statev. Sutorius (1997), 122 Ohio App.3d 1, 701 N.E.2d 1. Hearsay is defined in Evid.R. 801(C) as an out-of-court statement that is offered in evidence to prove the truth of the matter asserted. See State v. Wilson, 1st Dist. No. C-000670, 2002-Ohio-1854, at ¶ 34. Where an out-of-court statement is offered for its truth and determined to be hearsay, the evidence is presumptively inadmissible absent a separate exception. See State v. Wiles (1990), 59 Ohio St.3d 71, 571 N.E.2d 97.
{¶ 7} As the state argues, out-of-court statements that are not offered for their truth are properly admissible to explain their effect upon the listener or to explain the actions of a witness to whom the statements were directed. See State v. Thomas (1980), 61 Ohio St.2d 223,232, 400 N.E.2d 401. When, however, "the facts sought to be proven and the substance of the out-of-court statement coincide, it may be assumed that the statement is offered for its truth." 1 Weissenberger's Ohio Evidence (2002) Section 801.6. Here, the facts to be proved and the substance of the statement coincide to too great a degree. The out-of-court statement of Yee's father was offered for its truth and was hearsay. The assignment of error is overruled.
{¶ 8} Therefore, the judgment of the trial court is affirmed.
{¶ 9} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Sundermann and Winkler, JJ.